ON CONFESSION OF ERROR

May, J.
The former husband appeals a contempt order entered for his failure to comply with an order requiring him to transfer his 401k to his former wife and to pay her support. In lieu of compliance, the former husband withdrew the 401k money for himself, gave none to his former wife, and paid none of his support obligation. The trial court found him in contempt, and ordered the husband to pay a specified amount within 30 days or the court would *944 issue a writ of arrest and commitment to be followed by 179 days of incarceration.
To her credit, the former wife confesses error. The trial court relied solely on the statutory presumption of ability to pay and the former husband’s failure to rebut that presumption. The court did not make an affirmative finding that the former husband had the ability to pay. Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985) (“[IJncarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt.”).
We accept the confession of error and reverse only the incarceration sanction imposed. We remand the case for further proceedings consistent with this opinion.

Reversed and remanded for farther proceedings consistent with this opinion.

Ciklin, C.J., and Warner, J., concur.